IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

ETHEL EVANS,                          :

    Plaintiff,                        :

vs.                                   :
                                            CIVIL ACTION 05-0097-M

JO ANNE B. BARNHART,                  :
Commissioner of
Social Security,                      :

    Defendant.                        :

### MEMORANDUM OPINION AND ORDER

In this action under 42 U.S.C. § 1383(c)(3), Plaintiff seeks judicial review of an adverse social security ruling which denied a claim for Supplemental Security Income (hereinafter *SSI*).  The parties filed written consent and this action has been referred to the undersigned Magistrate Judge to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73 (*see* Doc. 16).  Oral argument was heard on September 23, 2005. Upon consideration of the administrative record, the memoranda of the parties, and oral argument, it is **ORDERED** that the decision of the Commissioner be **AFFIRMED** and that this action be **DISMISSED.**

This Court is not free to reweigh the evidence or substitute its judgment for that of the Secretary of Health and Human Services, *Bloodsworth v. Heckler*, 703 F.2d 1233,

1239 (11th Cir. 1983), which must be supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The substantial evidence test requires "that the decision under review be supported by evidence sufficient to justify a reasoning mind in accepting it; it is more than a scintilla, but less than a preponderance." *Brady v. Heckler*, 724 F.2d 914, 918 (11th Cir. 1984), *quoting Jones v. Schweiker*, 551 F.Supp. 205 (D. Md. 1982).

Plaintiff was born September 19, 1952. At the time of the administrative hearing, Evans was fifty years old, had completed a high-school education (Tr. 127),[1] and had no relevant previous work experience (Tr. 131). In claiming benefits, Plaintiff alleges disability due to arthritis of the back, neck, and hands (Doc. 10).

The Plaintiff protectively filed an application for SSI on May 17, 2002 (Tr. 59-65). Benefits were denied following a hearing by an Administrative Law Judge (ALJ) who determined that Evans could perform a full range of light work (Tr. 15-26). Plaintiff requested review of the hearing decision (Tr. 12-13) by the Appeals Council, but it was denied (Tr. 3-5).

Plaintiff claims that the opinion of the ALJ is not

---

[1]Plaintiff testified that she had received a Graduate Equivalency Degree (Tr. 127).

supported by substantial evidence.  Specifically, Evans alleges that:  (1) The ALJ did not properly consider the opinions and diagnoses of the physicians; (2) the ALJ did not properly consider her complaints of pain and limitation; and (3) the ALJ improperly rejected the vocational expert's (hereinafter *VE*) testimony (Doc. 10).  Defendant has responded to—and denies—these claims (Doc. 13).

Evans's first claim is that the ALJ did not properly consider the opinions and diagnoses of the physicians. Plaintiff  specifically refers to the examination of Dr. Jeffrey D. Voreis (Doc. 10, pp. 3-4) which took place on January 28, 2003 (Tr. 114-18).  It should be noted that "although the opinion of an examining physician is generally entitled to more weight than the opinion of a non-examining physician, the ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion." *Oldham v. Schweiker*, 660 F.2d 1078, 1084 (5th Cir. 1981);[2] *see also* 20 C.F.R. § 404.1527 (2004).

Voreis, an internist, noted x-rays of the cervical and lumbar spine which exhibited "cervical arthritis at C4, C5 and

---

[2]The Eleventh Circuit, in the *en banc* decision *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

C6[,] cervical arthritis and disc disease at C4/5, C5/6, lumbar arthritis at L1 [at] virtually all levels [as well as] significant disc space loss at L5/S1" (Tr. 115).  Voreis had Evans perform some physical tests which she could not complete because of her pain.  It was the doctor's opinion that Plaintiff would be unable to work because she could not sustain an eight-hour work day or a forty-hour work week (Tr. 115).  Dr. Voreis completed a physical capacities evaluation in which he indicated that Plaintiff could only sit, stand, and/or walk for fifteen-to-thirty minutes at a time and sit for four, stand for two, and walk for one hour during an eight-hour day (Tr. 116).  He thought Evans capable of lifting and carrying up to twenty pounds occasionally and able to use all of her extremities; she could, however, squat, crawl, climb, and reach on only an occasional basis (Tr. 116).  Voreis also expressed the opinion that Plaintiff's pain would distract her from adequately performing her daily activities and that any increase in her physical activity would require bedrest or medication (Tr. 117).

    The ALJ rejected Voreis's opinions as inconsistent with the other evidence of record as well as his own examination (Tr. 22-23).  Specifically, the ALJ noted that the doctor saw Evans on only one occasion and that the limitations he opined were inconsistent with Evans's recitation of her daily

4

activities (Tr. 23; *cf.* Tr. 116, 132-33). Furthermore, Plaintiff's long-time treating physician failed to document the severe limitations found by Dr. Voreis (Tr. 23).

The Court has reviewed the entire—albeit meager—record and finds substantial support for the ALJ's conclusion. While Evans's long-time treating physician, Dr. Joseph J. Johnson, stated at one time that Plaintiff was unable to work, his treatment notes fail to support such a conclusion; instead, Johnson treated Plaintiff for routine medical treatment such as mammograms, pap smears, hypertension, and her thyroid but not for debilitating pain (Tr. 92-110). Furthermore, there is no other evidence of record which supports the extreme limitations suggested by Dr. Voreis. This claim is without merit.

Plaintiff next claims that the ALJ did not properly consider her complaints of pain and limitation. The standard by which the Plaintiff's complaints of pain are to be evaluated requires "(1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain." *Holt v. Sullivan*,

921 F.2d 1221, 1223 (11th Cir. 1991) (citing *Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986)).  The Eleventh Circuit Court of Appeals has also held that the determination of whether objective medical impairments could reasonably be expected to produce the pain was a factual question to be made by the Secretary and, therefore, "subject only to limited review in the courts to ensure that the finding is supported by substantial evidence."  *Hand v. Heckler*, 761 F.2d 1545, 1549 (11th Cir.), *vacated for rehearing en banc*, 774 F.2d 428 (1985), *reinstated sub nom. Hand v. Bowen*, 793 F.2d 275 (11th Cir. 1986).

Plaintiff told Dr. Voreis that she was "eat up with arthritis" and that she had suffered with it for ten years (Tr. 114).  "She [could not] sit, stand nor [sic] lay down more than a few minutes at a time without having to change positions" (*id.*).  She rated her pain at a seven on a ten-point scale with "any significant activity" increasing the level to a ten (*id.*).  Advil and Ibuprofen reduced the pain to a level five (*id.*).

The ALJ rejected Plaintiff's complaints of pain (Tr. 25). The Court finds this conclusion supported by substantial evidence.  Dr. Johnson's notes fail to document the level of pain suggested; even Dr. Voreis's opinion of her pain was

based, for the most part, on her own testimony as there is no evidence of the pain he finds or how medications might affect the pain.  Finally, Plaintiff's own medication regimen, other than a one-time prescription for celebrex in November 2000, demonstrates no use of pain medications other than those obtained over the counter (*see* Tr. 87-88).  This claim is without merit.

Finally, Evans claims that the ALJ improperly discounted the testimony of the VE.  The Court notes that the VE stated that Plaintiff would be unable to sustain any work based on the conclusions of Dr. Voreis (Tr. 137-38).  The ALJ rejected the VE's testimony after finding that Dr. Voreis's conclusions were unsupported by the evidence of record (Tr. 25).  The Court has already found substantial support for the rejection of Dr. Voreis's findings of extreme limitation; the rejection of the VE's testimony is consistent with that conclusion.

Plaintiff has raised three claims in bringing this action.  All are without merit.  Upon consideration of the entire record, the Court finds "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Perales*, 402 U.S. at 401.  Therefore, it is **ORDERED** that the Secretary's decision be **AFFIRMED**, *see Fortenberry v. Harris*, 612 F.2d 947, 950 (5th Cir. 1980), and

7

that this action be **DISMISSED**.  Judgment will be entered by separate order.

DONE this 23rd day of September, 2005.

>  s/BERT W. MILLING, JR.
> UNITED STATES MAGISTRATE JUDGE